

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00413-CV

MARILYN R. HODGE                                    APPELLANT

V.

TEXAS TRUST CREDIT UNION                            APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On February 10, 2011, Appellant, acting pro se, filed her brief with this court. On February 11, 2011, we notified Appellant that her brief is defective in substance and form, specifically listing the ways in which the brief does not comply with the rules of appellate procedure. *See* Tex. R. App. P. 38.1(a)–(j), 42.3. Appellant filed an amended brief on February 22, 2011. That brief failed to cure a number of the defects noted in the original. On February 25, 2011, we

---

[1]*See* Tex. R. App. P. 47.4.

notified Appellant that her amended brief still did not conform to the rules of appellate procedure. We also stated that failure to file a second amended brief complying with the rules on or before March 7, 2011, could result in us striking the noncompliant brief, waiver of any nonconforming points, or dismissal of the appeal. *See* Tex. R. App. P. 38.9, 42.3(c). Appellant has not filed a second amended brief, nor has she responded to our second letter.

Rule 38.9 provides that "substantial compliance" with the briefing rules is required subject to exceptions. Tex. R. App. P. 38.9. First, if the court determines that the briefing rules have been flagrantly violated as to form, the court may require the appellant to amend, supplement, or redraw her brief. Tex. R. App. P. 38.9(a). If the appellant files another brief that does not comply, the court may strike the brief, prohibit the party from filing another, and proceed as if the party did not file a brief. *Id*.

Accordingly, because this court informed Appellant of the substantial defects in her brief, and Appellant failed to file an amended brief that cured those defects, we strike Appellant's brief and dismiss the appeal. *See* Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(c); *Newman v. Clark*, 113 S.W.3d 622, 623 (Tex. App.—Dallas 2003, no pet.).

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DELIVERED: April 21, 2011